# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD WILSON, CDCR #F-50712,<br><br>                          Plaintiff,<br><br>vs.<br><br>C. DAVIS; E. FONTAN; I. BRAVO; M. COLLINS, Correctional Officers,<br><br>                          Defendants. | Case No.   10cv2669 WQH (BGS)<br><br>**ORDER: (1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO EXTEND DISCOVERY; (2) AMENDING FINAL PRETRIAL CONFERENCE SCHEDULE AND MANDATORY SETTLEMENT CONFERENCE DATE**<br><br>**[DOC. NO. 33.]** |

Gerald Wilson ("Plaintiff") filed this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff's complaint alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when they subjected Plaintiff to excessive force. (*Id.* at 3.) Plaintiff alleges that he was slammed to his cell floor and received punches to his head. (*Id.* at 5.) Plaintiff further alleges that as he was escorted by Defendant Collins he was kicked in the head and that after arriving in the "sally port" Defendant Collins also slammed Plaintiff to the ground and "applied the sole of his boot to Plaintiff's head." (*Id.*)

///

///

Plaintiff is a prisoner that was proceeding pro se until this Court appointed him pro bono representation pursuant to General Order 596. (*See* Doc. No. 22.) Pro bono counsel was appointed on April 13, 2012. (*Id.*)

The instant motion concerns Plaintiff's request to amend the schedule in order to continue discovery for the purpose of taking two additional depositions. Pl.'s Memo of P&A at 2; Doc. No. 33-1. Defendants oppose the motion. Defs.' Opp'n at 4; Doc. No. 34.

## I.     Relevant Procedural and Factual Background

Pursuant to the original Case Management Conference Order Regulating Discovery and Other Pretrial Proceedings, all fact discovery was to be completed no later than October 11, 2011, and all expert discovery was to be completed no later than January 23, 2012. (Doc. No. 14.) Pro bono counsel was appointed on April 13, 2012 and officially substituted in as counsel of record on April 27, 2012. (Doc. Nos. 22, 24.)

On June 12, 2012, Plaintiff requested to reopen discovery in order depose Defendants, as well as to depose Defendants' expert witness. Joint Mot. to Reopen Discovery at 2; Doc. No. 27. Plaintiff specifically requested to reopen discovery until July 31, 2012. (*Id.*) Defendants did not oppose this request and agreed to exchange certain Rule 26 documents, produce Defendants' personnel records pertaining to excessive force against inmates, produce Defendants for deposition, as well as produce Defendants' expert for deposition. (*Id.* at 3.) This Court granted Plaintiff's request to reopen discovery in order to take Defendants' depositions, depose the expert witness, and to exchange the documents addressed in the motion to reopen discovery. (Doc. No. 28.) The deadline to complete the additional discovery was set for July 31, 2012. (*Id.*)

On July 26, 2012—five days before the discovery deadline—Plaintiff filed the instant motion seeking an extension of time in order to complete additional discovery. Pl.'s Memo of P.&A. at 2. Specifically, Plaintiff wants to take two additional witness depositions. *Id.* The two witnesses that Plaintiff wants to depose were potentially present outside of Plaintiff's cell immediately after and perhaps during the time the alleged excessive force was applied. *Id.*

///

## II.   Plaintiff's Motion

Plaintiff seeks leave to extend discovery in order to depose two witnesses. (Doc. No. 33.) The first witness Plaintiff wants to depose is Officer Pickett. *Id.* Plaintiff believes Officer Pickett was present when Plaintiff was escorted by Officer Collins to the Investigative Services Unit ("ISU") holding cell, and therefore, had the opportunity to observe whether force was used during the escort and perhaps even in the cell. *Id.* at 2-3. Officer Pickett also completed a crime incident report stating that he witnessed Officer Bravo administer Miranda warnings to Plaintiff. Decl. Adler at Ex. A; Doc. No. 33-3.

Plaintiff also wants to depose Sergeant Barlow. *Id.* at 3. According to testimony from Officer Collins, Sergeant Barlow "may have been" the third officer that accompanied Plaintiff to the ISU holding cell, "[t]hus, it is possible that Sergeant Barlow witnessed some of the events inside [Plaintiff's] cell" before Plaintiff was escorted to ISU.  Pl.'s Memo of P.&A. at 3. Furthermore, Plaintiff contends that Sergeant Barlow's deposition is especially important because Plaintiff recently learned that Officer Collins—the officer he believed forcefully stood on his head while he was in the ISU holding cell—is a woman, and therefore, is not likely the officer that did in fact stand on his head. *Id.* at 3 n. 4. Plaintiff testified that the officer that stepped on his head was male. Decl. Adler at Ex. B; Doc. No. 33-4. Plaintiff's cell mate described the officer that stood on Plaintiff's head as a black man with glasses. Decl. Adler, Ex. C; Doc. No. 33-5. Officer Collins testified that at the time of the incident Sergeant Barlow was the ISU squad leader. And according to Plaintiff's counsel, Sergeant Barlow is an African American male that wears glasses. Decl Adler at ¶ 8; Doc. No. 33-2.

## III.   Applicable Legal Standard

Federal Rule of Civil Procedure 16(b)(1) & (3) state in relevant part, "the district judge or a magistrate judge when authorized by local rule must issue a scheduling order . . . [it] must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(1) & (3). Federal Rule of Civil Procedure 16(b)(4) states that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Court's inquiry into the "good cause" standard primarily considers the diligence of the party

seeking to amend the scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The Court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (citing to Fed. R. Civ. P. 16 advisory committee's notes (1983 Amendment)). Carelessness is not compatible with a finding of diligence and offers no reason to grant relief. *Engelson v. Burlington Northern R.R. Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992); *Martella Cooks & Stewards Union*, 448 F.2d 729, 730 (9th Cir. 1971). Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny the motion, the focus of the inquiry is on the moving party's reasons for seeking modification. *See Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985). If the moving party was not diligent, their motion to modify the pretrial schedule should be denied. *Johnson*, 975 F.2d at 609.

**IV.   Analysis**

Plaintiff filed the instant motion before the time allotted for discovery ended. (Doc. No. 33.) Thus, the relevant inquiry is whether Plaintiff has presented good cause for amending the scheduling order. Fed. R. Civ. P. 16(b)(4).

**A. Diligence**

In this case, Plaintiff was not appointed counsel until after the close of the initial discovery period. (Doc. No. 22.) Once Plaintiff received counsel, counsel promptly moved to reopen discovery and began to review documents and schedule Defendants' depositions. (Doc. No. 27.) Counsel was diligent in scheduling these depositions, as well as scheduling the deposition of Defendants' expert witness. Pl.'s Memo of P.&A. at 6. It appears that counsel intelligently chose to depose the most pertinent and relevant witnesses first—namely, Defendants. At the time counsel scheduled the depositions, she believed that Defendant Collins was the male officer that stood on Plaintiff's head in the ISU holding cell. Pl.'s Memo of P.&A. at 3-4, 7. It was not until Officer Collins appeared at the deposition that counsel learned that the officer was actually female, and therefore, not the male officer that Plaintiff alleges stood on his head. Based on Officer Collins' deposition testimony, counsel believes it is necessary to depose two critical eyewitnesses that are not named Defendants—Officer Pickett and Sergeant Barlow.

*Id.* As soon as Plaintiff realized the need to take these additional depositions, she contacted opposing counsel to meet and confer regarding her request. Defs.' Opp'n at 4. And as soon as Plaintiff's counsel learned that Defendants opposed the request she contacted the Court and filed the instant motion. Pl.'s Memo of P.&A. at 6.

Accordingly, Plaintiff's counsel acted diligently throughout the six weeks she was allotted for discovery and acted diligently in pursuing the additional depositions when it became clear that Plaintiff needed a brief extension of the discovery period to schedule these depositions. Further, Plaintiff would be prejudiced at trial without the opportunity to depose these witnesses. *See* Pl.'s Memo of P.&A. at 7. And because these two prospective deponents are not named defendants, taking a deposition is the only discovery method available for Plaintiff to garner information from each witness. As a result, Plaintiff has met his burden of establishing good cause to amend the scheduling order for the limited purpose of deposing Officer Pickett and Sergeant Barlow.

**B. Prejudice to Defendants**

Because Plaintiff satisfied his burden and established good cause for the additional discovery, the Court need not consider the prejudice to Defendants in allowing the opposed discovery. In any event, the Court finds that the potential prejudice to Defendants does not outweigh Plaintiff's need for the discovery.

First, when the parties jointly moved to reopen discovery on June 12, 2012, Defendants were prepared to continue the date of the Pretrial Conference. (Doc. No. 27 (proposing Pretrial Conference be moved from October 1, 2012 to November 16, 2012.)) At that time the Court decided not to continue the Pretrial Conference despite the parties' request to do so. (Doc. No. 28.) Second, because Defendants are concerned that additional deposition testimony may result in the need for their expert to consider the testimony in order for him not to be unfairly "locked into his expert opinions," the Court will allow Defendants to supplement their expert report to the extent the additional deposition testimony changes the expert's opinions. *See* Defs.' Opp'n at 12; Doc. No. 34. Defendants' expert witness may serve a supplemental expert report, if necessary, no later than two weeks after the conclusion of the additional depositions.

Further, the Court will ensure Defendants are not significantly prejudiced by the additional depositions by limiting the time permitted to take these depositions. Plaintiff may only depose each witness for a maximum of three-and-a-half hours. Defendants' counsel may select whether these depositions should both take place on the same day—for a total of seven deposition hours—or whether it is more convenient to depose the witnesses on separate days. The depositions must be completed no later than **September 28, 2012.**

### **V.   Conclusion and Amended Pretrial Schedule**

For the reasons stated above, Plaintiff's motion for leave to extend discovery is **GRANTED**. The depositions of Officer Pickett and Sergeant Barlow must be completed no later than **September 28, 2012.** Defendants' expert witness may supplement his report to reflect any change in his opinions resulting from the additional testimony no later than **October 15, 2012.**

Accordingly, the Pretrial Conference set for October 1, 2012 is **VACATED** and **RESET** for **November 19, 2012** at **11:00 a.m.** All corresponding pretrial deadlines are similarly amended as follows:

A Mandatory Settlement Conference shall be conducted on **October 24, 2012, at 1:30 p.m.** in the chambers of Magistrate Judge Bernard G. Skomal[1]. Counsel shall submit **confidential** settlement statements **directly to chambers** by courier or may e-mail statements to **efile_Skomal@casd.uscourts.gov** no later than **October 15, 2012**. Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference. **Settlement conference briefs shall not be filed with the Clerk of the Court, nor shall they be served on opposing counsel.**

///

///

---

[1] The Court welcomes the parties to request additional settlement conferences at any stage in the litigation. The parties may request a settlement conference by jointly calling chambers or by filing a Joint Motion.

1    Pursuant to Local Civil Rule 16.3, all party representatives and claims adjusters for insured
2 defendants with full and unlimited authority[2] to negotiate and enter into a binding settlement, as well as
3 the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared
4 to discuss and resolve the case at the mandatory settlement conference. Failure to attend the conference
5 or obtain proper excuse will be considered grounds for sanctions. Because Plaintiff is incarcerated,
6 counsel shall arrange to have him participate telephonically.

7    Despite the requirement of Local Rule 16.1(f)(2), the parties should not complete a Memoranda
8 of Contentions of Fact and Law in this case.

9    All parties or their counsel shall also fully comply with the Pretrial Disclosure requirements of
10 Fed. R. Civ. P. 26(a)(3) on or before **October 22, 2012**. **Failure to comply with these disclosures**
11 **requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.**

12   Counsel shall meet together and take the action required by Local Rule 16.1(f)(4) on or **before**
13 **October 29, 2012**. At this meeting, counsel shall discuss and attempt to enter into stipulations and
14 agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display
15 all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance
16 with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial
17 Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed
18 pretrial conference order. Counsel for the plaintiff has the duty of arranging for meetings of counsel and
19 for preparation of the Pretrial Order mandated by Civil Local Rule 16.1(f)(6)(c).

20   Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the
21 meetings of counsel pursuant to Civil Local Rule 16.1(f). On or before **November 5, 2012**, plaintiff's
22 counsel must provide opposing counsel with the proposed pretrial order for review and approval.
23 Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to

---

[2] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Intl., Inc., 216 F.R.D. 481, 485-486 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. Id. at 486. A limited or a sum certain of authority is not adequate. Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir. 2001).

form or content of the pretrial order, and both parties should attempt promptly to resolve their differences, if any, concerning the order.

The proposed final pretrial conference order, including objections counsel have to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures, shall be prepared, served and lodged with the district judge's chambers on or before **November 9, 2012**, and shall be in the form prescribed in and in compliance with Local Rule 16.1 (f)(6).  Counsel shall also bring a court copy of the pretrial order to the pretrial conference.

IT IS SO ORDERED.

DATED:  September 4, 2012

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court